IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KIMBERLY A. BURDETTE     )
                                      )

  Plaintiff,               )
                                      )     CIVIL ACTION

vs.                         )
                                      )     FILE NO.   3:18-cv-21-TCB

THE PRUDENTIAL INSURANCE  )
COMPANY OF AMERICA,      )
                                      )

  Defendant.            )

## COMPLAINT

## I.  JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Kimberly A. Burdette (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, The Prudential Insurance Company of America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant, may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

6.

Defendant negotiated, maintained and administered the disability policy and the life insurance policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, D.R. Horton, Inc., contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, an insurance policy for long term disability benefits, was in full force and effect, constituting a binding contract between Defendant and D.R. Horton, Inc.

10.

Defendant pay long term disability insurance benefits to covered employees of D.R. Horton, Inc. under this policy from its own assets.

11.

D.R. Horton, Inc. offered long term disability coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of D.R. Horton, Inc.

14.

Under Defendant's long term disability policy, that after 24 months of payment, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

15.

Plaintiff worked for D.R. Horton, Inc. as a Sales Representative and ceased working on May 3, 2011 due to low back pain which eventually required a two-level fusion.

16.

Defendant found Plaintiff disabled and paid benefits up until January 31, 2016.

17.

On February 1, 2016, Defendant denied benefits after January 31, 2016 stating that Plaintiff could perform a sedentary occupation and relying on surveillance.

18.

On July 6, 2016, Plaintiff appealed this decision with a host of medical evidence including the fact that she had been diagnosed with multiple sclerosis,

submitting an MRI showing lesions in her brain and spine, pointing out that the surveillance merely showed her performing activities of daily living and often with the help of a cane, submitting the findings of a Functional Capacity Evaluation which measured her capabilities to be below the sedentary level, submitting the statement of her neurologist and her primary care physician agreeing with the findings of the Functional Capacity Evaluation and submitting updated medical records.

19.

On August 25, 2016, Defendant upheld the denial on appeal and attempting to distinguish both the Functional Capacity Evaluation and the Social Security Administration's award of benefits by stating that a doctor having reviewed the records and disagreed with those findings.

20.

On January 27, 2017, Plaintiff appealed this decision with updated medical records including a Neuropsychological Evaluation which indicated that Plaintiff had declined in IQ roughly fifteen points and that due to the cognitive and emotional and physical problems, the evaluator did not believe that she would be able to function in any work setting.

21.

On March 8, 2017, at the appellate level Defendant ordered Plaintiff to attend an Independent Medical Evaluation with a pain physician.

22.

On May 26, 2017, Defendant refused, in writing, to provide the results of that evaluation to Plaintiff.

23.

On June 5, 2017, Defendant upheld its denial of disability based upon the findings of the Independent Medical Evaluation.

24.

Administrative remedies have been exhausted.

25.

Defendant's denial of long term disability benefits and denial of waiver of premium benefits are a breach of the policies at issue.

## III.  CLAIM FOR RELIEF

## ENTITLEMENT TO AND LONG TERM DISABILITY BENEFITS

26.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 stated above.

27.

Plaintiff is entitled to long term disability benefits under Defendant's Policy for the following reasons:

a. These benefits are permitted under the plans;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

28.

Defendant has refused to pay disability benefits to Plaintiff despite substantial medical documentation and supportive opinions from Plaintiff's treating physicians. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

**IV.  RELIEF REQUESTED**

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1)    Find and hold Defendant owes Plaintiff disability benefits in the proper amount from on or about January 31, 2016 and continuing, plus the maximum allowable interest on all back benefits;

(2)    Enjoin Defendant from any further prohibited acts against Plaintiff;

(3)    Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4)    Grant other and further relief as may be just and proper.

This the   23rd   day of February, 2018.

ROGERS, HOFRICHTER & KARRH, LLC


 s/Heather K. Karrh
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118
hkarrh@rhlpc.com

Attorneys for Plaintiff

8